## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

Kenneth Charles Tennant
3935 Rolling Hills Drive
Bettendorf, Iowa (52722)

           Plaintiff,
vs.

Civil Action No.

COMPLAINT with Jury Demand

OFFICER CLIFFORD ANDERSON (#646)
416 Harrison Street
Davenport, IA 52801,

DAVENPORT POLICE DEPARTMENT
c/o CHIEF OF POLICE FRANK DONCHEZ
416 Harrison Street
Davenport, IA 52801

BRIAN HEYER, Senior Staff Attorney
CITY OF DAVENPORT
226 West 4th Street, 3rd Floor
Davenport, IA 52801

CITY OF DAVENPORT
c/o Corporation Counsel TOM WARNER
226 W. 4th Street, 3rd floor
Davenport, IA 52801

SCOTT COUNTY
c/o Auditor's Department
600 West 4th Street
Davenport, IA 52801

MAGISTRATE DENNIS JASPER
400 West 4th Street
Davenport, IA 52801

MAGISTRATE DOUGLAS WELLS
400 West 4th Street
Davenport, IA 52801

RECEIVED
NOV 16 2010
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

DISTRICT ASSOCIATE JUDGE CHRISTINE DALTON
400 West 4th Street
Davenport, IA 52801

DISTRICT ASSOCIATE JUDGE MARK A. CLEVE
400 West 4TH Street
Davenport, IA 52801

DISTRICT ASSOCIATE JUDGE MARLITA A. GREVE
400 West 4th Street
Davenport, IA 52801,

        Defendants.

---

NOW COME the above-named plaintiff, Kenneth C. Tennant, pro per, and complain against the above-named defendants, and for his claim for relief, allege and shows the court as follows

## COMPLAINT

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 and 1986 and 1988 and the Fourth and Fifth and Sixth and Seventh and Fourteenth Amendments to the United States Constitution. The court has jurisdiction of this action under 42 U.S.C. § 1983, 1985, 1986 and 1988, 28 U.S.C. § 1343, 28 U.S.C. § 1331, 18 U.S.C. § 1621, 18 U.S.C. § 1901 and 18 U.S.C. § 1951 and 18 U.S.C. § 1961 and 18 U.S.C. § 2231, and has pendant jurisdiction over all state claims under 28 U.S.C. § 1367.

## PARTIES

2. Kenneth C. Tennant, the plaintiff, is an adult sovereign Citizen with house keeping set up at 3935 Rolling Hills Drive, Bettendorf, County of Scott, Iowa state Republic, u.S.A.

3. The defendant, Officer Clifford Anderson, badge no. 646, is an adult citizen

and resident of the City of Davenport and County of Scott, employed as a police officer for the City of Davenport Police Department, located at 416 Harrison Street, Davenport, IA 52801. That at all times material hereto, the defendant, Officer Clifford Anderson, was acting within the scope of his employment as a police officer for the City of Davenport Police Department.

4. The defendant, Chief of Police, Frank Donchez, was, at all times material hereto, an adult citizen and resident of the City of Davenport and County of Scott, and employed as the Chief of Police for the City of Davenport Police Department, located at 416 Harrison Street, Davenport, IA 52801. In that capacity, he was the chief policy maker in the City of Davenport Police Department at all times material hereto and, as such, was the commanding officer of defendant Officer Clifford Anderson, badge no. 646, and was responsible for the training, supervision and conduct of defendant, Officer Clifford Anderson, as more fully set forth below.

5. The defendant, Brian Heyer, was at all times material hereto, an adult citizen and citizen of the City of Davenport, and employed as the senior staff attorney for the City of Davenport, located at 226 West 4th Street, 3rd floor, Davenport, IA 52801, and as such is responsible for prosecuting cases that meet the legal requirements for prosecution.

6. The defendant, City of Davenport, was at all times material hereto, a municipality incorporated pursuant to Chapter 55 of the Iowa General Assembly, with offices of the City Clerk and Corporation Counsel located at 226 West 4th Street, Davenport, IA 52801.

7. The defendant, City of Davenport, has a legal obligation under sec. 670.8 to indemnify each of their employee defendants and to satisfy any judgment entered against

them if it is determined that the defendants were acting within the scope of their employment at all times material hereto.

8. The defendant, Scott County, also has a legal obligation under sec. 670.8 to indemnify each of their employee defendants and to satisfy any judgment entered against them if it is determined that the defendants were acting within the scope of their employment at all times.

9. The defendant, Dennis Jasper, is an adult citizen and employed as a magistrate for Scott County District Court, located at 400 West 4th Street, Davenport, IA 52801. That at all times material hereto, the defendant, Dennis Jasper was acting within the scope of his employment as a magistrate for Scott County and City of Davenport.,

10. The defendant, Douglas Wells, is an adult citizen and employed as a magistrate for Scott County District Court, located at 400 West 4th Street, Davenport, IA 52801. That at all times material hereto, the defendant, Douglas Wells was acting within the scope of his employment as a magistrate for Scott County and City of Davenport.

11. The defendant, Christine Dalton, is an adult citizen and employed as an associate judge for Scott County District Court, located at 400 West 4th Street, Davenport, IA 52801. That at all times material hereto, the defendant Christine Dalton was acting within the scope of her employment for Scott County District Court.

12. The defendant, Mark A. Cleve, is an adult citizen and is employed as an associate Judge for Scott County District Court, located at 400 West 4th Street, Davenport IA 52801. That at all times material hereto, the defendant Mark A. Cleve was acting within the scope of his employment for Scott County.

13. The defendant, Marlita A. Greve, is an adult citizen and is employed as an

associate judge for Scott County District Court, located at 400 West 4th Street, Davenport, IA 52801. That at all times material hereto, the defendant, Marlita A. Greve, was acting within the scope of her employment for Scott County.

14. At all relevant times herein, the defendants, Officer Clifford Anderson, City of Davenport Senior Staff Attorney Brian Heyer, Magistrates Dennis Jasper and Douglas Wells, Associate Judges Christine Dalton, Mark A. Cleve and Marlita A. Greve, were each a "person" for the purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Kenneth Charles Tennant of his constitutional rights.

15. Plaintiff sues each and all of the defendants in both their individual capacity and official capacities.

## CONSTITUTIONALLY PROTECTED INTERESTS

16. As a citizen of the United States, Kenneth Charles Tennant is protected against unreasonable searches and seizures, arbitrary or capricious denial of due process of law, deprivation of life, liberty, or property without due process of law, or a trial by jury, or equal protections of the laws as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

## GENERAL ALLEGATIONS AGAINST ALL DEFENDANTS

17. The conduct of the individual defendants as hereinafter described was done with malice or reckless disregard or with deliberate indifference to the rights of Kenneth Charles Tennant in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**CLAIM OF KENNETH CHARLES TENNANT FOR INJURIES / DAMAGES**

18.  Kenneth Charles Tennant hereby incorporates all proceding paragraphs as if fully set forth herein.

19.  Kenneth Charles Tennant suffered harm to his constitutional rights and protections as guaranteed by the United States Constitution. As a result of the actions by each of the defendants against Kenneth Charles Tennant, his health, welfare and sense of fair play was severly injured and or damaged causing him and his family to fear that the defendants are defrauding him of honest services and that they will retaliate by demonstrating further future legal abuses. The prosecution of this case has caused emotional distress to Kenneth Charles Tennant as the rights aforementioned were trampled upon by each defendant.

## UNLAWFUL STOP

20.  On July 2nd, 2010, at or about 9:00 am, Kenneth Charles Tennant was driving a 2003 Cadillac CTS Westbound on Kimberly Road in the City of Davenport, transporting his wife and registered owner of the vehicle along with their 14 year old daughter who were passengers.

21.  During the drive from their home on Kimberly Road to approximately the 1400 block, where he had been signaled to pull over, Kenneth Charles Tennant drove the CTS in compliance with all applicable Rules of the Road.

22.  At no time did Kenneth Charles Tennant violate any Rules of the Road while on Kimberly Road nor did Officer Cliff Anderson observe him violate any applicable Rules Rules of the Road. At no time did Kenneth Charles Tennant drive the CTS in any way that would give an objectively reasonable officer a reasonable suspicion that Kenneth

Charles Tennant had been engaged or was about to engage in any criminal activity.

23. The defendant, Officer Clifford Anderson, had been operating an unmarked black police cruiser and was also headed Westbound on Kimberly Road on July 2nd at approximately the same time as Kenneth Charles Tennant and had observed that Kenneth Charles Tennant was operating the CTS safely in accordance with the Rules of the Road.

24. The defendant, Officer Clifford Anderson, upon seeing the Cadillac CTS, activated his emergency squad lights and siren with the intent to pull Kenneth Charles Tennant over, to stop him from traveling upon the public Road, in an illegal attempt to contract with Kenneth Charles Tennant.

25. The defendant, Officer Clifford Anderson, immediately and unlawfully seized the protective license plate covers off of the CTS Kenneth Charles Tennant was lawfully driving. This seizure was done without permission and under protest.

26. The defendant, Officer Clifford Anderson, asked only for the driver license and proof of insurance and for some reason did not ask for registration, which is the usual and customary procedure according to the policy of the City of Davenport police Department.

27. The defendant. Officer Clifford Anderson, offered to contract with Kenneth Charles Tennant who declined by writing "Without Prejudice U.C.C. 1-308" on the paper "ticket" Officer Clifford Anderson pushed through the driver side window of the CTS where plaintiff Kenneth Charles Tennant was seated.

28. Plaintiff, Kenneth Charles Tennant was nervous and felt intimidated by being pulled over by a Davenport Police Officer for no good cause and felt coerced to even

have to write anything onto the "ticket" aka offer to contract.

29. The defendant, Clifford Anderson, stated that he was confiscating the license plate covers for evidence and that there were new ordinances against having the license plate covers.

30. The defendant, Clifford Anderson, on September 8, 2010, under oath, testified before defendant magistrate Douglas Wells, at the Scott County District Court's traffic court, that he was able to view in full and read without obstruction the full view of all letters and numerals on a registration plate while having the "confiscated" plate cover held over the registration plate offered by the prosecutor defendant Brian Heyer.

31. The defendant, Clifford Anderson, additionally testified that he was neither injured or suffered any damages as a result of the action he claimed against plaintiff Kenneth Charles Tennant.

32. The defendant, Clifford Anderson, admitted under oath during his testimony that the essential information on the registration plate as it was attached to the CTS did allow full view and was readable. His point of contention was that it was not viewable from multiple angles, but that it was viewable, in full, as attached, when directly from the rear or the front, which is in compliance with Supreme Court Ruling.

33. The plaintiff, Kenneth Charles Tennant, very timely faxed City of Davenport Police Chief Frank Donchez, a Notice that plaintiff did not want to contract with him or anyone in his department or any of his officers or agencies and did not agree with the action(s) being attempted against Kenneth Charles Tennant, and that his officer illegally seized plate covers, and asking by what authority is this criminal surcharge, etc.

34. The plaintiff, Kenneth Charles Tennant, very timely (July 13th) a NOTICE that demanded to be fully informed of the True Nature and Cause against him and for FULL DISCLOSURE and asking for a VERIFIABLE COMPLAINT to be produced. Plaintiff also filed an AFFIDAVIT of TRUTH of Denial of Corporate Existence, and a Writ of Quo Warranto and a NOTICE OF WRITTEN INTERROGATORIES and a NOTICE TO PRODUCE DOCUMENTS and a VERIFIABLE COMPLAINT as required by CITY OF CEDAR RAPIDS vs. ASTINGER, 617 N.W. 2d 272, Iowa 2000.

35. The Plaintiff, Kenneth Charles Tennant, very timely, filed a sui juris status and A Demand for Trial by Jury. The court was also NOTICED that in the alternative, A Change of Venue was requested as was a court of proper jurisdiction.

36. The Plaintiff, Kenneth Charles Tennant, also NOTICED to the defendants that under "color of law" they were arbitrarily and capriciously confiscating non-contraband property without the benefit of a jury trial and have committed injurious and damaging acts against plaintiff, Kenneth Charles Tennant, including Abuses of Authority; see Hafer v Melo, 112 S.Ct. 358 (1991), Disregarded due process provision of Article 3 § 2¶ 3, the Fifth and Sixth Amendments to the United States Constitution and the mandatory prohibition of Article 1, sec. 9, of the United States Constitution against Bills of Attainder in the form of "pains and penalties" legislated under Federal authority: see Fletcher v Peck (18100 U.S. (6Cranch) 87, 138; Cummings v Missouri (1867), 71 U.S. 277, 323; Selective Service v Minn. Public Interest Research Group, 841-846 (1983); Miranda v Arizona 384 U.S. 436, 491 (1965) etc. Breach of Contract, violation of oath, barratry, trespass, total disregard for my personal health and welfare, harassment and intimidation of myself, etc. None of which the defendants answered.

9

37. The defendants failed and refused to answer to the aforementioned.

38. The defendant, Magistrate Dennis Jasper, on July 15, 2010 at about 11:00 am while acting under color of law at the Scott County District Courthouse was asked by plaintiff, Kenneth Charles Tennant, if he had a Verifiable Complaint as required by CITY OF CEDAR RAPIDS v ASTINGER and was unable or unwilling to produce one.

39. The defendant, magistrate Dennis Jasper, was asked by plaintiff Kenneth Charles Tennant if he was acting in an administrative capacity or if he was sitting on the law side of his jurisdiction. The defendant, magistrate Dennis Jasper answered: "I don't know. I'm just her."

40. The defendant, Magistrate Dennis Jasper was told by plaintiff Kenneth Charles Tennant, that there was insufficient information to proceed or to offer up a plea however, the defendant, Magistrate Dennis Jasper entered a plea of not guilty over the objection of plaintiff Kenneth Charles Tennant, who objected to his representation and the violation of due process of law.

41. The defendant, Magistrate Dennis Jasper failed to provide the plaintiff with necessary information and failed to give notice of demand for jury timeline.

42. The defendant, Associate Judge Christine Dalton issued a judicial determination and decision or Order on August 31, 2010 that despite the clear absence of jurisdiction and the constructive denial of due process of law, the court would continue to participate in this unlawful prosecution of this action without a jury.

43. The defendant, Magistrate Doug Wells, under color of law, on September 8, 2010 presided over what the court called a bench trial and declared:

" I don't want to hear anything about the Constitution."

44. The defendant, Magistrate Doug Wells further stated to plaintiff, Kenneth Charles Tennant, that: " Last time I checked, you're not a lawyer." This statement goes to the fact that he checked on plaintiff Kenneth Charles Tennant and that he knew or should have known that Kenneth Charles Tennant's wife had twice hired Doug Wells' law firm or partner George Gomez to close on two properties. Given this fact there exists clear and convincing evidence that the defendant, Douglas Wells, has violated Chapter 51 of the Iowa Code of Judicial Conduct, has violated his oath of office, committed perjury, violated his own ethics of professional conduct and has no quams about violating the plaintiff's constitutional rights. This is a Conflict of Interest by Doug Wells.

45. The defendant, Magistrate Doug Wells, is retaliating against plaintiff, Kenneth Charles Tennant, for his demanding satisfaction for what Doug Wells' law firm partner, George Gomez did in a prior mishandling of a case where it was very clear that George Gomez violated the ethics of his profession, but did satisfy the demands of the plaintiff, Kenneth Charles Tennant and his wife for what may also have involved Mortgage fraud with Fannie Mae. This is his attempt to discredit and ruin the reputation of plaintiff, Kenneth Charles Tennant, I believe.

46. The defendant, Magistrate Douglas Wells, had also stated that the court nor any one else had to answer any of the papers that the plaintiff had filed and did not have to produce a Verifiable Complaint.

47. The defendant, Magistrate Douglas Wells, allowed City of Davenport's Senior Staff Attorney, defendant Brian Heyer, to introduce as evidence, non-contraband property that was seized without warrant.

48. The defendant, Magistrate Douglas Wells, while acting under color of law, during this so called "bench trial" of September 8, 2010 at the Scott County District Courthouse, offered testimony on behalf of defendant, Officer Clifford Anderson, when plaintiff asked about his obligations as a member of the corporation called the CITY OF DAVENPORT. It is not proper for a Judge to testify from the bench.

49. The defendant, Magistrate Douglas Wells, while acting in his employment for Scott County on September 8, 2010, upon hearing the testimony of defendant Officer Clifford Anderson that he was able to read the letters and numbers of the license plate, while covered by the confiscated plate cover, in full view without obstruction and that he was neither injured nor suffered any damages as a result of the action he claimed against plaintiff, Kenneth Charles Tennant, declared that Kenneth Charles Tennant was "Not guilty" but, then in an act of prosecuting from the bench, told defendant Brian Heyer, that if he amended his complaint to include subsection "B" "We can find him guilty of that. Do you want to amend your complaint?"

50. The plaintiff, Kenneth Charles Tennant objected, but to no avail in this court of improper jurisdiction and disregard for the rule of law. The defendant, Brian Heyer, openly conspired to defraud this citizen of honest services and declared "yes." It was not "his" complaint to amend. Nor was there any amended complaint ever seen to date. And there certainly wants a Verifiable complaint as required by law.

51. The plaintiff, Kenneth Charles Tennant, very timely, filed a written Notice of Appeal and a subsequent Appeal and other papers that have went unanswered except to note that the Iowacourts.gov web site has listed that the file has been with defendants, Associate Judges Mark A. Cleve and Marlita A. Greve who have also failed to make

the appropriate corrections. In fact, under their direction, in an additional attempt at adding insult to injury and aggravating the plaintiff and causing him even more harm, a notice of conviction has been sent to the Iowa Department of Transportation, knowing full well that this has not been proper, that there is no verifiable complaint, that the court has constructively denied due process of law(s) and abuses of authority are the rule.

52.   The plaintiff, Kenneth Charles Tennant, asks this Court if it appears from the record that the defendants collectively willfully wantonly maliciously engaged in unlawful conduct and they they violated their own ethics, rules and the Iowa Constitution the Bill of Rights, Article 1, secs. 1, 6, 8, 9 and 10, to say the least and they violated their own Rules of Civil and or Criminal Procedure (R.Cr.P. 2.17, 2.21(2), 2.67; and or R.C.P. 1.903, 1.1108

53.   When the defendant, Clifford Anderson, testified that there were no injuries or damages he lost standing before the court (see Clifford S. vs. Superior Court, 45 Cal. Rptr.2d 333, 335. Standing is a necessary component of subject matter jurisdiction. see Rames v Byrd, 521 US 811 and NOW, Inc. vs. Scheidler, 510 US 249. Moreover, in Allen vs. Wright, 468 US 747, 751 (1984) a plaintiff MUST allege personal injury fairly traceable to the defendant's allegedly unlawful conduct. Again, this goes to the fact that there never was a Verifiable Complaint from the start. These magistrates and judges were malicious and or negligent in their prosecution of this case and they never had proper jurisdiction. They refused to grant the plaintiff, Kenneth Charles Tennant, even his most fundamental requisite of due process; the right to be heard.

54.   The defendants, by teathering plaintiff to this unlawful action and demanding him to come to court and to act under some undisclosed contract, have deprived him of

his life, liberty and pursuit of happiness. They have caused harm to his constitutional rights, and have caused him emotional distress. They have harmed his sense of fair play and damaged his trust in law enforcement and the legal system.

## RELIEF SOUGHT

Plaintiff seeks relief for each instance of abuse and unlawful conduct and indiscretion in an amount to be determined by a jury. Plaintiff seeks Compensatory damages. Punitive Damages to be determined by a jury.

Plaintiff further seeks INJUNCTIVE RELIEF, barring each defendant for five years from engaging in any official capacity in which they could exercise authority under color of law.

Further Injunctive Relief:

Within six months of full satisfaction of the case, expunge, utterly destroy and eradicate from the record all materials and reference to the City of Davenport vs. Kenneth Tennant case.

AND, under Title 18 of the USC. IMPRISONMENT of the defendants, and any other relief that is just and equitable.

## OATH OF CLAIMANT

I, Kenneth Charles Tennant, state that I am the plaintiff in this action and that I swear and declare that I believe the aforementioned to be True to the best of my knowledge and that I am bound by all the statements that are contained herein.

Kenneth Charles Tennant, pro per
3935 Rolling Hills Dr.
Bettendorf, Iowa   near (52722)

Subscribed and sworn to before me this _ll_ day of November 2010

Notary Public State of Iowa
My Commission expires _Feb 27, 2013_



JUDITH A. SARAFIN
Commission No. 744914
My Commission Expires
February 27, 2013

14